UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STAFFNEY,

        Petitioner,

v.                                    CASE NO. 2:14-CV-14026
                                    HONORABLE LAWRENCE P. ZATKOFF
DUNCAN MACLAREN,          UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RELIEF FROM OPINION AND ORDER DENYING 28 U.S.C. § 2241(2)(3) WRIT OF HABEAS CORPUS AND ORDERING CLERK TO TRANSFER WRIT TO THE SIXTH CIRCUIT COURT OF APPEALS [DKT. 5].**

      Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he claimed that he was being illegally confined by way of violations of the Federal and Michigan constitutions. Petitioner explained that his wrongful incarceration was based on a 1987 conviction out of the Kent County Circuit Court for first-degree murder and felony-firearm. This Court determined that the petition constituted a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3) and transferred the matter to the Court of Appeals so that petitioner could obtain permission to file a successive petition [dkt. 3].

      Petitioner has now filed a motion for relief from this opinion. For the reasons set forth below, the motion is DENIED.

      Rule 7.1 (h) of the Eastern District of Michigan Local Rules allows a party to file a motion for reconsideration. A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Sheet Metal*

1

*Employers Industry Promotion Fund v. Absolut Balancing Co. Inc.,* 884 F. Supp. 2d 617, 626 (E.D. Mich. 2012)(citing E.D. Mich. L.R. 7.1(h)(3)). A party moving for reconsideration must show both a palpable defect by which the court and the parties have been misled, and demonstrate that a different disposition of the case must result from a correction of the alleged defect. *Id.* "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *Id.*

In the present motion, petitioner claims that he did not challenge his 1987 convictions in his current petition. A review of the petition, however, shows that the only basis for petitioner's claim that he was wrongfully incarcerated by the State of Michigan were these convictions. Petitioner, in fact, spends much of the time in his petition claiming that there was no basis for him to be convicted originally under Michigan's first-degree murder statute. In his motion for reconsideration, petitioner again claims that his confinement arose from a "cause of action...known to be 'accidental injuries' under a disguise (sic) statute as first degree murder." Contrary to petitioner's argument, it is apparent to the Court that petitioner is challenging his 1987 convictions for first-degree murder and felony-firearm. To the extent petitioner argues that he is not subject to the limitations on filing a successive petition because he filed his petition under 28 U.S.C.§ 2241 and not § 2254, he is incorrect: this Court has already indicated that the mere fact that petitioner filed his habeas petition under 28 U.S.C. § 2241 did not permit petitioner to circumvent the limitations on the filing of successive habeas petitions found in 28 U.S.C. § 2244 (b)(3)(A).

Petitioner's motion for reconsideration of this Court's original order will therefore be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court ordered the case to be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244 (b)(3)(A). *See*

2

*Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

Accordingly, the Motion for Relief From Opinion and Order Denying 28 U.S.C. § 2241 (2)(3) Writ of Habeas Corpus and Ordering Clerk to Transfer Writ to Sixth Circuit Court of Appeals [dkt. 5] is DENIED.

IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            HON. LAWRENCE P. ZATKOFF
Dated: December 3, 2014              UNITED STATES DISTRICT JUDGE